### INVESTORS CAPITAL CORPORATION, Plaintiff,

v.

### Gerald H. BROWN, Helen M. Brown, Defendants.

Investors Capital Corporation, Plaintiff,

Cecil T. Bragg, Elizabeth M. Bragg, Defendants.

No. 6:00CV595ORL31JGG, 6:00CV598ORL31JGG. .

United States District Court, M.D. Florida. Orlando Division.

Dec. 28, 2000.

## ORDER OF CLARIFICATION

PRESNELL, District Judge.

This cause came on for consideration *sua sponte.* After reviewing the dockets in the two instant cases, it appears that certain prior orders entered by this Court require clarification. Before this Court can accomplish this task, a description of the history of these now-consolidated cases is necessary:

On October 30, 2000, Judge Glazebrook entered a Report and Recommendation ("the Report") (Doc. 51) regarding the motions to compel arbitration filed by the Defendants in both 6:00–cv–595 ("the 595

---

case") and 6:00–cv–598 ("the 598 case"). Judge Glazebrook recommended granting both motions to compel and dismissing both cases. It appears from the docket that objections to the Report were due November 13, 2000, although the parties assert that the deadline should have been November 16, 2000.

On November 15, 2000, Investors Capital filed an agreed motion in both cases to extend the deadline for objecting to the Report. On November 17, 2000, this Court (not being aware of the November 15th motion) adopted and confirmed the Report in the 595 case (Doc. 54). Based on that action, Judge Glazebrook then denied as moot the agreed motion to extend time in the 595 case (Doc. 55, entered November 21, 2000). On November 22, 2000, Judge Antoon granted that agreed motion in the 598 case. On November 27, 2000, Investors Capital filed objections to the Report in both cases; the next day, the Defendants in both cases followed suit. November 28, 2000, is also the date on which these two cases were consolidated.

Subsequent to that consolidation, Investors Capital moved (Doc. 60, filed November 30, 2000) to vacate this Court's adoption of the Report and for reconsideration of the agreed motion to extend time to file objections. The Browns (Doc. 65, filed December 14, 2000) and Investors Capital (Doc. 68, filed December 18, 2000) then replied to each others' objections. Finally, on December 22, 2000, this Court sustained the objections of Investors Capital to the Report and sent the matter back to Judge Glazebrook for an order outlining limited discovery parameters as to the issue of whether the Defendants in both cases were "customers" for purposes of the application of the NASD rules regarding arbitrability.

After reviewing the various pleadings, including the objections to the Report and the replies to those objections, this Court again concludes that the Plaintiff is entitled to limited discovery on the "customer" issue. To implement that conclusion, and to attempt to clarify the earlier orders,

this Court will grant the motion by Investors Capital (Doc. 60, filed November 30, 2000) to vacate the order (Doc. 54, entered November 17, 2000) approving the Report. This Court's November 22, 2000 order sustaining the objections of Investors Capital to the Report is reaffirmed, and Investors Capital will be permitted to pursue limited discovery as to the customer status of both sets of Defendants.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate Court's Order and For Reconsideration of Agreed Motion for Enlargement of Time to File Objections (Doc. 60, filed November 30, 2000) is **GRANTED IN PART,** and this Court's Order (Doc. 54, entered November 17, 2000) adopting and confirming the Report is hereby **VACATED.** In addition, this Court clarifies that it intended that its December 22, 2000 Order sustaining objections to the Report (Doc. 69) should apply to both sets of defendants in these now-consolidated cases.